1  Donnie R. Cox, Esq.  SBN: 137950
   Dennis Atchley, Esq. SBN: 70036
2  402 N. Nevada Street
   Oceanside, CA 92054
3  (760) 400-0263
   drcoxlaw@aol.com
4  dbalaw@yahoo.com

5  Paul W. Leehey, Esq. SBN: 92009
   210 E. Fig St., Suite 101
6  Fallbrook, CA  92028
   (760) 723-0711
7  law@leehey.com

8
   ATTORNEYS FOR PLAINTIFFS
9

10         **UNITED STATES DISTRICT COURT**

11        **SOUTHERN DISTRICT OF CALIFORNIA**

12
   STEVEN   SWARTWOOD;   JOANNA )   CASE NO: 12cv1665W(BGS)
13 SWARTWOOD; R.S., a minor and D.S., a )
   minor, by and through their Guardian Ad )   **FIRST AMENDED COMPLAINT FOR**
14 Litem, Judy Swartwood                 )   **DAMAGES**
                                         )
15             Plaintiffs                )   1.  Assault;
                                         )   2.  Battery;
16 v.                                    )   3.  False Imprisonment;
                                         )   4.  Violation of Civil Rights;
17 COUNTY OF SAN DIEGO; SAN DIEGO )        5.  Monell Related Claims;
   HEALTH  AND  HUMAN  SERVICES )          6.  Intentional Infliction of Emotional
18 AGENCY;   POLINSKY   CHILDRENS )       Distress;
   CENTER;  MAYA  BRYSON;  WENDY )        7.  Violation of State Civil Rights
19 CURIEL;  KELLY  ROLLINS;  SUSAN )      (CC§43)
   SOLIS; AND DOES 1 TO 50, Inclusive )   8.  Violation of State Civil
20                                        )  Rights(CC§52.1)
             Defendants.                 )
21                                        )   DEMAND FOR JURY TRIAL
                                         )
22 _____ )

23        STEVEN SWARTWOOD; JOANNA SWARTWOOD; R.S., a minor; D.S., a minor,

24 by and through their Guardian *Ad Litem*, Judy Swartwood, allege as follows:

25 1.     Pursuant to this Court's local Rule 8-1, Plaintiffs assert that the statutory or other

26 basis for the exercise of jurisdiction in this United States Federal District Court is based

27 upon a federal question asserted under 42 U.S.C. 1983 as to violations of Plaintiffs' rights

28 under the U. S. Constitution and laws, including those under the First, Fourth and

Fourteenth Amendments, as well as supplemental jurisdiction for Plaintiffs' state claims asserted pursuant to 28 U.S.C. 1367(a); all of which Plaintiffs request be tried and heard before a jury.

2.     At all relevant times mentioned in this Complaint, Plaintiffs were residents of San Diego  County, California.

3.     JUDY SWARTWOOD  has been appointed the Guardian ad Litem for the minors, R.S., and D.S., in this action.

4.     At all times mentioned herein, the COUNTY OF SAN DIEGO  was and is a public entity (hereinafter "COUNTY").

5.     At all times mentioned herein, the SAN DIEGO COUNTY HEALTH AND HUMAN SERVICES AGENCY (hereinafter "H.H.S.A."), was and is a subdivision or entity of the COUNTY OF SAN DIEGO.

6.     At all times mentioned herein, the POLINSKY CHILDRENS CENTER (hereinafter "POLINSKY"), was and is a subdivision or entity of the COUNTY OF SAN DIEGO.

7.     At all times mentioned herein, Defendant MAYA BRYSON (hereinafter "BRYSON"), was an officer, agent, and employee of  H.H.S.A.

8.     At all times mentioned herein, Defendant WENDY CURIEL (hereinafter "CURIEL"), was an officer, agent, and employee of H.H.S.A.

9.     At all times mentioned herein, Defendant KELLY ROLLINS (hereinafter "ROLLINS"), was an officer, agent, and employee of H.H.S.A.

10.    At all times mentioned herein, Defendant SUSAN SOLIS (hereinafter "SOLIS"), was an officer, agent, and employee of H.H.S.A.

11.    Plaintiffs are ignorant of the true names and capacities of those Defendants sued herein as Does 1 through 50, Inclusive, and therefore sue them by such fictitious names. Plaintiffs will amend this Complaint to show the true names and capacities of said DOE Defendants when the same are ascertained.

12.    Plaintiffs are informed and believe and, based upon such information and belief,

FIRST AMENDED COMPLAINT FOR DAMAGES

12CV1665W (BGS)

1  allege that each of the Defendants is responsible in some manner for the events and
2  happenings referred to herein and was the legal cause of injury and damages to Plaintiffs
3  as herein alleged.

4  13.  Plaintiffs are informed and believe and, based upon such information and belief,
5  allege that, at all times herein mentioned, each and every Defendant was the agent and/or
6  employee of their co-Defendants, and each of them, acting at all relevant times herein
7  under color of the authority of a governmental entity under the statutes, ordinances,
8  regulations, customs and usage of the State of California and/or the United States
9  Constitution and related laws.

10 **COMMON ALLEGATIONS**

11 14.  This action arises from an investigation and proceedings of a juvenile
12 dependency investigation pursuant to Chapter 2 (commencing with Section 200) of Part
13 1 of Division 2 of the Welfare and Institutions Code initiated or conducted by Defendants,
14 COUNTY, THROUGH ITS SUBDIVISION HHSA Agency, regarding Plaintiff minors
15 R.S. (Born in 2010) and D.S. (Born in 2008), and affecting their parents, Plaintiffs
16 STEVEN SWARTWOOD and JOANNA SWARTWOOD (hereinafter "STEVEN" and
17 "JOANNA" respectively).

18 15.  Plaintiffs STEVEN and JOANNA were married in 2004 .  At the time of the
19 subject events Plaintiff STEVEN was 41 years old and employed as an electrician with
20 Hawthorne Machinery, and Plaintiff JOANNA was 35  years old and employed as a
21 sales/customer manager for a clothing company.

22 16.  Neither Plaintiff STEVEN nor JOANNA have ever had any prior contact with
23  H.H.S.A.

24 17.  Plaintiffs STEVEN and JOANNA had two natural pregnancies in 2008 and 2010
25 resulting in the birth of their two children Plaintiffs D.S. and R.S.  The children are and
26 always have been healthy during their young lives and have met their developmental
27 milestones and are on target for their age.

28 18.  The family moved to San Diego in 2002 and have resided in San Diego

FIRST AMENDED COMPLAINT FOR DAMAGES

12CV1665W (BGS)

1    continually since then.

2    19.    On May 16, 2011 JOANNA received a phone call from R.S. and D.S.'s daycare

3    provider, Shelley McCoshum (hereafter "McCoshum"). R.S. and D.S. had been enrolled

4    at her in home daycare for just over one month at the time the subject events occurred.

5    During the call, McCoshum told JOANNA that some redness had developed on R.S.'s

6    face.

7    20.    McCoshum said that she did not know where the redness came from, possibly an

8    allergic reaction or fall on the trampoline, but that it developed sometime after R.S. had

9    arrived that day.

10   21.    JOANNA picked R.S. and D.S. from McCoshum's, and upon her evaluation of

11   the redness, she noticed that it did not look like a "fall" or "allergic reaction," and in

12   addition to the redness, there was also bruising under R.S.'s eyes. JOANNA immediately

13   called her doctor's office, Kaiser Permanente, and an appointment was set for the

14   following day, May 17, 2011.

15   22.    On May 17, 2011, Dr. Andrea Siano at the Clairemont Mesa Kaiser evaluated Dr.

16   Siano reported the injury to H.H.S.A. as required by law.

17   23.    The doctors in the emergency room who evaluated R.S. and D.S. did not believe

18   that the injuries to R.S. were inflicted by JOANNA and/or STEVEN.  The May 17, 2011

19   emergency room records state in part: "Parents are completely appropriate and I do not

20   suspect any cause for concern about the parents decision making."

21   24.    During the emergency room visit, Dr. Siano spoke with a CPS worker and faxed

22    a CPS report to their office on May 17, 2011.  She indicated to CPS that she did not

23   suspect the parents of the injuries to R.S.

24   25.    Both R.S. and D.S. were examined in the Clairemont Kaiser emergency room.

25   CT testing as well as a "Baby Gram" were suggested for R.S.  After being advised of the

26   substantial, long-term, risks involved with the further testing for R.S.,   JOANNA and

27   STEVEN wanted to consult, the following day, with the childrens' primary pediatrician,

28   Dr. Rachel Ireland. The doctors in the emergency room approved this course of action.

26.     After JOANNA and STEVEN arrived home from Kaiser at approximately

11:00 p.m. on May 17, 2011, BRYSON  and three uniformed police officers arrived at the

Swartwood home.  Thinking that the Police and H.H.S.A. defendants wanted to talk about

the possible abuse by the day care provider, JOANNA and STEVEN invited them into

their home.  BRYSON then demanded separate interviews with JOANNA and STEVEN.

27.     Plaintiff JOANNA and STEVEN denied that they had ever abused either of their

children.  They repeatedly told this to BRYSON during the home invasion, and at no time

during the investigation was there any allegation or evidence that R.S. and/or D.S. was

abused or neglected by either of their parents.

28.     After the interviews, at approximately 12:30 a.m. on May 18, 2011, BRYSON,

after consulting with her supervisors,  ordered the police officers to remove R.S. and D.S.

from the home and told JOANNA and STEVEN they R.S. and D.S. were going to be taken

to POLINSKY.

29.     JOANNA and STEVEN were not allowed to see or talk to either of their children

for two days.

30.     COUNTY employee, BRYSON, and her supervisors'  removal of R.S.

and D.S. on May 18, 2011 from the family home was done without Court order, without

the consent of either parent, and without any specific articulable evidence that provided

reasonable cause to believe that each child was in imminent danger of serious bodily injury

from either, or both, parents; and such intrusions upon the parents' and the minors' rights

were not reasonably necessary to avert any suspected injury to said minors.

31.     Plaintiffs are informed and believe that R.S. and D.S., while at POLINSKY,

were subjected to an invasive physical examination without any medical need or urgency,

without Court order, without consent of either of their parents, and without both, or either,

parent being present; all of which constituted a violation of R.S and D.S.'s and their

parents' rights.

32.     Thereafter on May 18 and 19, 2011,  JOANNA and STEVEN were not allowed to

visit or talk to their children while they were at POLINSKY. The children were returned,

FIRST AMENDED COMPLAINT FOR DAMAGES

12CV1665W (BGS)

1   without explanation or apology on May 19, 2011.

2   33.    The removal and detention, and continued detention, of the minor Plaintiffs

3   from the care and custody of Plaintiffs' JOANNA and STEVEN, was by the joint actions

4   of, and in concert with, the aforementioned agents and employees of the Defendant

5   COUNTY, and each of them, and was done without probable, reasonable or just cause, and

6   by failing to provide exculpatory and favorable evidence, by providing false and

7   misleading evidence, by the use of undue influence, coercion and/or duress and when they

8   knew the minor children were not in imminent danger of serious bodily injury and  and

9   without determining whether the scope of the intrusion was reasonably necessary to avert

10  the specific injury; and therefore was in violation of clearly established legal authority (See

11  *Mabe v. San Bernardino County, Dept. Of Pub. Servs.* 237 F.3d 1101 (9th Cir. 2001),

12  *Wallis v. Spencer* 202 F.3d 1126 (9th Cir. 2000),  as confirmed in *Rogers v. County of San*

13  *Joaquin* 487 F. 3d 1288 (9th Cir. 2007), and was a violation of Plaintiffs' constitutional

14  rights under the First, Fourth, and Fourteenth Amendments of the U.S. Constitution, and

15  Article 1, Section 1 of the California State Constitution (including the right of privacy).

16  34.    From and after May 17, 2011, and thereafter, Defendants COUNTY, and all

17  named Defendants, and Does 1 to 50, acted together in initiating and conducting

18  investigations and proceedings, and related matters and conduct, pursuant to (Section 200)

19  of Part 1 of Division 2 of the California Welfare and Institutions Code relating to

20  allegations of child abuse and/or neglect; and did so without any just or reasonable cause,

21  and in violation of both statutory and case law, and with an intent by Defendants to cause

22  injury to Plaintiffs, or with a willful and conscious disregard of the Plaintiffs' rights or

23  safety, carried out, initiated, performed, authorized and/or conducted, with the knowledge,

24  consent, authorization and in concert with all other Defendants, including but not limited

25  to the following:

26      a.    By using false, coercive, intimidating, abusive, demeaning and improper

27          conduct during their investigation of Plaintiffs;

28      b.    By removing the minor Plaintiffs from the care, custody and control of their

FIRST AMENDED COMPLAINT FOR DAMAGES

12CV1665W (BGS)

parents JOANNA and STEVEN, and thereafter continuing to detain them until May 19, 2011, without just or reasonable cause, without consent of JOANNA and STEVEN, without the existence of imminent danger of serious bodily injury to said children and without determining whether the scope of the intrusion was reasonably necessary to avert the specific injury;   (in violation of *Mabe v. County of San Bernardino* 237 F.3d 1101 (9th Cir. (2001); and *Wallis v. Spencer* 202 F.3d 1126 (9th Circ. 2000) ; as confirmed by *Rogers v. County of San Joaquin* 487 F.3d 1288  (9th Cir. 2007) and other applicable case and statutory law);

c.      By conducting unauthorized invasive physical examinations of the children without the consent of, or presence of JOANNA and STEVEN;

d.      Plaintiffs submit that further matters and issues will be shown upon receipt and disclosure of the records and files of the Juvenile Court and H.H.S.A.. which are not available to Plaintiffs due to confidentiality and the requirements of Welf. & Inst. Code §§ 827 and 828; and therefore, further grounds will be shown by amendment or at the time of trial or further proceedings in this matter.

35.      The aforesaid conduct of Defendants, and their agents or employees in removing the children from the care and custody of their parents, in using coercion, intimidation and duress upon Plaintiffs, in presenting the aforesaid false, misrepresented and fabricated evidence, was done jointly and in concert by the individual Defendants and Does 1 through 50, inclusive, to cause injury to the Plaintiffs, or was despicable conduct carried on with the willful and conscious disregard of the Plaintiffs' rights or safety.

36.      As a result of the joint actions of the Defendants, and each of them, occurring between the period of on or about May 17, 2011 through and including May 19, 2011, Plaintiffs have suffered, and will continue to suffer damages, including, but not limited to, physical injuries and/or severe emotional distress, and other damages to be shown according to proof, as a result of these violations of their personal and civil rights of

FIRST AMENDED COMPLAINT FOR DAMAGES

freedom of speech and association, due process, familial association, and to secure in their

person and home.

37.     The Plaintiffs have submitted a Government tort claim to the COUNTY on or

about November 16, 2011.  Said claim was denied by COUNTY on January 4, 2012.

**FIRST CAUSE OF ACTION ASSAULT AND BATTERY - By Plaintiff Minors
R.S. and D.S. Against ALL DEFENDANTS, and Does 1 through 50, Inclusive**

38.     Plaintiff realleges, adopts and incorporated as if set forth at length, and to the

extent applicable, paragraphs 1 through 37.

39.     That Defendants, and Does 1 through 50, Inclusive, by their conduct intended to

cause, and did cause, Plaintiffs minors R.S. and D.S. great apprehension and fear of

harmful contact to their person by, but not limited to, their removal and detention from

their Parents Plaintiff JOANNA and STEVEN, by making false accusations of physical

abuse and neglect of Plaintiff minors R.S. and D.S. , including for use as testimony and

evidence in the aforementioned Juvenile Court proceedings.

40.     Further, Defendants, and Does 1 through 50 did cause the great apprehension and

fear of harmful contact by Plaintiff minors R.S. and D.S. to their persons, by but not

limited to, their conduct in or unlawful authorization of the  physical examination,

including, but not limited to,  x rays, blood tests and sexual abuse examination, and/or

treatment of Plaintiff minors R.S. and D.S. without the consent of their parents, without

their presence, and without court order or just cause; the scope of which is not yet fully

known.

41.     All Defendants,  and Does 1 through 50, Inclusive, with the encouragement,

knowledge, advice, counsel and at the request, direction, authorization and/or agreement

of the other Defendants, acted with the intent to make, and did make, or caused others to

make, harmful contacts with Plaintiff minors R.S. and D.S.'s  bodies while unlawfully

removing and detaining,  continuing to detain, and authorizing or conducting the unlawful

physical examination referenced above.  At no time did Plaintiff minors, constructively or

otherwise, consent to such contact, nor was any proper consent obtained by law, by court

FIRST AMENDED COMPLAINT FOR DAMAGES

12CV1665W (BGS)

1   order, or from their parents.

2   42.   Defendant COUNTY, is vicariously responsible for the conduct of said

3   Defendants under Government Code § 815.2.

4   43.   As a direct and legal result of Defendants' tortious and unlawful conduct,

5   Plaintiff minors R.S. and D.S.  have suffered extreme physical, mental and/or emotional

6   distress, including anguish and fear to an extent and in an amount to be proven at trial.

7   44.   All individual Defendants, and Does 1 through 50, Inclusive, acted with malice

8   and with the intent to cause injury to Plaintiffs minors R.S. and D.S. , or acted with a

9   willful and conscious disregard of the rights of said minor Plaintiffs, in a despicable

10  manner.  Therefore, minor Plaintiffs are entitled to an award of punitive damages for the

11  purpose of punishing ALL INDIVIDUAL Defendants, and Does 1 through 50, Inclusive,

12  to deter them and others from such conduct in the future.

13  **SECOND CAUSE OF ACTION BATTERY - By Plaintiffs R.S. and D.S.  Against**
    **All Defendants, and Does 1 through 50, Inclusive**

14
15  45.   Plaintiffs reallege, adopt and incorporate as if set forth at length, and the extent
    applicable, paragraphs 1 through 44.

16
17  46.   All Defendants,  and Does 1 through 50, Inclusive, with the encouragement,

18  knowledge, advice, counsel and at the request, direction, authorization and/or agreement

19  of the other Defendants, acted with the intent to make, and did make, or caused others to

20  make, harmful contacts with Plaintiff minors R.S. and D.S.'s  bodies while unlawfully

21  removing, detaining, and continuing to detain them.  At no time did Plaintiff minors

22  constructively or otherwise, consent to such contact, nor was any proper consent obtained

23  by law, by court order, or from their parents.

24  47.    Plaintiffs are also informed and believe that on or after May 17, 2011, All

25  Defendants, and Does 1 through 50, Inclusive, conducted medical examinations and

26  procedures on Plaintiff minors R.S. and D.S. without the knowledge, consent,

27  authorization of their parents, Plaintiffs JOANNA and STEVEN, without the consent or

28  presence of Plaintiffs JOANNA and STEVEN, and without any order or warrant for such

examination, in violation of Plaintiff minors' rights, and in violation of Plaintiff JOANNA and STEVEN'S rights, including those as set forth in clear and established law in the case of *Wallis v. Spencer*, 202 F.3d 1126 (9th Cir. 2000).

48.   As a direct and legal result of Defendants' wrongful, tortious and unlawful conduct, Plaintiff minors R.S. and D.S.  have suffered extreme physical, mental and/or emotional distress and injuries, including anguish and fear to an extent and in an amount to be proven at trial.

49.    ALL INDIVIDUAL DEFENDANTS and Does 1 through 50, Inclusive, acted with malice and with the intent to cause injury to Plaintiff minors R.S. and D.S. , or acted with a willful and conscious disregard of the rights of said Plaintiff minors, in a despicable manner.  Therefore, Plaintiff minors are entitled to an award of punitive damages for the purpose of punishing ALL INDIVIDUAL DEFENDANTS, and Does 1 through 50, Inclusive, to deter them and others from such conduct in the future.

**THIRD CAUSE OF ACTION - FALSE IMPRISONMENT - BY PLAINTIFF MINORS R.S. and D.S. Against All  Defendants and Does 1 through 50, Inclusive**

50.   Plaintiffs reallege, adopt and incorporate as if set forth at length, and to the extent applicable, paragraphs 1 through 49.

51.   All Defendants, and Does 1 through 50, Inclusive, unlawfully removed, detained, and continued to detained Plaintiff minors R.S. and D.S.  without evidence of any imminent danger of serious bodily injury, without just or reasonable cause, without consent of their parents Plaintiff JOANNA and STEVEN, and/or without probable cause; and therefore deprived them of their personal civil liberties. The unlawful removal, and thereafter the continued detention of said minors, as part of a dependency investigation commenced on May 17, 2011, and lasted continuously until May 19, 2011.

52.   Defendant COUNTY,  is vicariously responsible for the conduct of these Defendants under Government Code § 815.2.

53.   As a legal result of Defendants' actions, Plaintiff minors R.S. and D.S. were physically, mentally and/or emotionally injured, all to an extent and in an amount subject

FIRST AMENDED COMPLAINT FOR DAMAGES

12CV1665W (BGS)

to proof at trial.

54.     All individual Defendants, and Does 1 through 50, Inclusive, acted with malice and with the intent to cause injury to Plaintiff minors R.S. and D.S., or acted with a willful and conscious disregard of the rights of said Plaintiffs in a despicable manner. In addition, said Defendants, and each of them, engaged in despicable conduct that subjected Plaintiff minors R.S. and D.S.  to cruel and unjust hardship in conscious disregard of their rights. Therefore, Plaintiff minors R.S. and D.S.  are entitled to an award of punitive damages for the purpose of punishing ALL INDIVIDUAL Defendants, and Does 1 through 50, Inclusive, to deter them and others from such conduct in the future.

**FOURTH CAUSE OF ACTION VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983 BY ALL PLAINTIFFS AS AGAINST ALL INDIVIDUAL  DEFENDANTS**

55.     Plaintiffs  adopt and incorporate as if set forth at length, and to the extent applicable, paragraphs 1 through 54.

56.     Commencing on or about May 17, 2011, and continuing through May 19, 2011, All Individual Defendants, and Does 1 through 50, Inclusive, and each of them, as alleged herein, were acting under color of state law when they knew and agreed, and thereby conspired, to unlawfully detain, seize, question, threaten, examine, treat, coerce and/or initiate and pursue an investigation and proceedings (without any basis) as to Plaintiff minors R.S. and D.S.  and to cause said minors to be removed from the care, custody, and control of their parents JOANNA and STEVEN on or about May 17, 2011, and to become dependents of Defendants COUNTY, and continued such removal and dependancy of the COUNTY until May 19, 2011, and did so without proper reason or authority (i.e. see *Mabe v. County of San Bernardino*, 237 F. 3rd 1101 (9th Cir. (2001); *Rogers v. County of San Joaquin,* 487 F.3d 1288  (9th Cir. 2007) ; California Welf. and Inst. Code §§ 306, 309, 311 and 319), without reasonable probable cause, and with deliberate indifference to the rights of said Plaintiffs.

57.     The aforesaid Defendants, and each of them, conspired to interfere with and violate the civil rights of the Plaintiffs, as set forth under 42 U.S.C. § 1983, including

FIRST AMENDED COMPLAINT FOR DAMAGES

violation of the Plaintiffs' rights found in the First, Fourth and Fourteenth Amendments of the United States Constitution, by, but not limited to, acting and conspiring to force Plaintiff PARENTS to relent to their demands, by retaliating against Plaintiffs for exercise of their freedom of speech, and by removing, detaining and continuing to detain, the person and/or physical and legal custody of minors plaintiffs R.S. and D.S. from the care, custody, and control of their parents, JOANNA and STEVEN, without proper or just cause and/or authority; by the use of intimidation, coercion and duress, and by using false and fabricated evidence and testimony, and failing to provide exculpatory evidence, during the investigation and initiation and pendency of the dependency proceedings, including the application for a warrant for the removal of minors R.S. and D.S. , in violation of, and interference with, the Plaintiffs' constitutional liberty interests under the First Amendment, their fundamental rights to familial association and due process under the Fourteenth Amendment, and in violation of Fourth Amendment rights against unreasonable searches and seizures.

58.    As a direct result of these Individual Defendants' violations, and in accordance with 42 U.S.C. §1983, Plaintiffs civil rights have been violated in that they have suffered, and will continue to suffer damages, including but not limited to, physical and/or mental anxiety and anguish; as well as to incur attorneys fees, costs and expenses in the underlying case, and in the matter, as authorized by 42 U.S.C. §1988 in an amount not yet ascertained, all of which shall be shown according to proof at trial.

59.    Said individual Defendants' wrongful conduct as herein alleged was intentional, done with malice, and with conscious disregard for the rights of the Plaintiffs herein, and as a result of their despicable conduct, Plaintiffs are therefore entitled to recover punitive damages from said individual Defendants' wrongful acts for the purposes of punishing said Defendants and to deter others from such conduct in the future.

### FIFTH CAUSE OF ACTION - MONELL RELATED CLAIMS
**By Plaintiffs Against the COUNTY, POLINSKY and H.H.S.A.**

60.    Plaintiffs reallege, adopt and incorporate as if set forth at length, and to the extent

---

FIRST AMENDED COMPLAINT FOR DAMAGES

applicable, paragraphs 1 through 59.

61.  At all relevant times herein, Defendants COUNTY, POLINKSY, including through its H.H.S.A.  agency, established and/or followed policies, procedures, customs and/or practices (hereinafter collectively referred to as "policy" or "policies") which policies were the cause of violation of Plaintiffs' constitutional rights granted to them pursuant to 42 U.S.C. § 1983, as well as the case of *Monell v. New York City Department of Social Services* (1978) 436 U.S. 658, including those under the First, Fourth and Fourteenth Amendments; including but not limited to:

    a.    The policy of using undue influence, coercion and/or duress to cause parents to enter into alleged "voluntary" agreements, including with the threat of removal of their children if they do not do so.

    b.    The policy of detaining and/or removing children from their parents without exigent circumstances (imminent danger of serious bodily harm), court order or consent of their parent or legal guardian;

    c.    The policy of detaining and/or removing children from their parents and failing to determine whether the scope of the intrusion was reasonably necessary to avert the specific injury;

    d.    The policy of removal and detention of minor children without a judicial order even in the absence of exigent circumstances;

    e.    The policy of causing minor children to be dependents of the County, and continuing to be dependents, removing their legal and physical custody from their parents beyond a reasonable period after the alleged basis for any such removal and continued detention is negated;

    f.    The policy of using intimidation, fear, threats, coercion, retaliation, misrepresentation and duress during their investigation of allegations of child abuse and/or neglect, and during the pendency of dependency proceedings;

    g.    The policy of using trickery, duress, fabrication and/or false testimony or evidence, and in failing to provide exculpatory evidence, in preparing and

FIRST AMENDED COMPLAINT FOR DAMAGES

12CV1665W (BGS)

presenting reports and court documents to the Court, causing an interference with the Plaintiffs' rights, including those as to due process and familial relations and injuring and harming them;

h.   The policy of removal and continued detention of children based upon the parent(s)' failure to admit the unproven abuse allegations;

i.   The policy of physical examination of minor child(ren), without judicial order, exigent circumstances,  or notification to parent;

j.   The policy of prohibiting parents to be present at physical examinations and/or treatment of their child(ren);

k.   The policy of signing and preparing petitions and reports in dependency actions under the penalty of perjury without personal knowledge of the truth and/or accuracy of the allegations contained therein;

l.   The policy of causing medical examinations, treatment and/or procedures of a minor child without the knowledge, consent, presence, and/or authorization of the parent(s) or legal guardians, and without exigency (imminent danger of serious bodily harm), without medical need or urgency, and without court order;

m.   The policy of failing to promptly provide exculpatory and/or relevant and related evidence, testimony, reports and information regarding the ongoing investigation of juvenile dependency matters, when such information would negate the basis for continued detention of the minor children; and

n.   By acting with deliberate indifference in implementing a policy of inadequate training, and/or by failing to train and supervise its officers, agents and employees, in providing the Constitutional protections guaranteed to individuals, including those under the First, Fourth and Fourteenth Amendments, and under California law, when performing actions related to the investigation of child abuse and neglect, including dependency type proceedings.

FIRST AMENDED COMPLAINT FOR DAMAGES

12CV1665W (BGS)

1        o.     The policy of first placing without just cause or due process the names of the

2              those accused of abusing and or neglecting their children on the CACI, and

3              then refusing to remove, or request the removal, of those names once the

4              Court has found that the allegations are untrue.

5       (The list is not exhaustive due to the pending nature of discovery and the privileged

6   and protected records of investigative and juvenile records, which are subject to access,

7   use and/or disclosure pursuant to California Welf. & Inst. Code §§ 827 and 828).

8   62.    Defendants COUNTY, as well as POLINSKY and H.H.S.A. as an  agent of the

9   COUNTY, had a duty to Plaintiffs at all times to establish, implement and follow policies,

10  procedures, customs and/or practices which confirm and provide for the protections

11  guaranteed them under the United States Constitution, including the First, Fourth and

12  Fourteenth Amendments; to use reasonable care to select, supervise, train, control and

13  review the activities of all agents, officers and employees in their employ, including within

14  H.H.S.A.; and further, to refrain from acting with deliberate indifference to the

15  Constitutional rights of Plaintiffs herein so as to not cause them the injuries and damages

16  alleged herein.

17  63.    COUNTY breached its duties and obligations to Plaintiffs, including but not limited

18  to, failing to establish, implement and follow the correct and proper Constitutional polices,

19  procedures, customs and practices; by failing to properly select, supervise, train, control,

20  and review their agents and employees as to their compliance with Constitutional

21  safeguards; and by permitting named Defendants, and Does 1 through 50, Inclusive, to

22  engage in the unlawful and unconstitutional conduct as herein alleged.

23  64.    Defendants knew, or should have known, that by breaching the aforesaid duties and

24  obligations that it was foreseeable that they would, and did, cause Plaintiffs to be injured

25  and damaged by their wrongful policies and acts as alleged herein and that such breaches

26  occurred in contravention of public policy and as to their legal duties and obligations to

27  Plaintiffs.

28  65.    These actions, or inactions, of Defendants are the legal cause of injuries to Plaintiffs

FIRST AMENDED COMPLAINT FOR DAMAGES

12CV1665W (BGS)

as alleged herein; and as a result thereof, Plaintiffs have sustained general and special damages, as well as incurring attorneys fees, costs and expenses, including those as authorized by 42 U.S.C. § 1988, to an extent and in an amount subject to proof at trial.

**SIXTH CAUSE OF ACTION - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS - By Plaintiffs Against All Defendants**

66.   Plaintiffs reallege, adopt and incorporate as if set forth at length, and to the extent applicable, paragraphs 1 through 65.

67.   All Defendants, and Does 1 through 50, Inclusive, engaged in the aforementioned outrageous, unprivileged conduct as set forth herein, including, but not limited to; by forcing Plaintiff Parents to enter into alleged "voluntary" agreements; by retaliating against Plaintiffs, for the Plaintiff Parents exercise of their right of free speech; by using coercion, undue influence, and duress to force a parent to admit the allegations in order to regain custody of their child(ren) by wrongfully and unlawfully removing, detaining, and the continued detention, of minors R.S. and D.S.; by investigating and questioning Plaintiffs with intimidation, coercion and duress; by falsely and maliciously alleging and reporting that the physical health and safety of minors R.S. and D.S. were threatened by their parents; by failing to provide evidence and information which would negate removal and continued detention of Plaintiff minors, including when properly and reasonable requested; and, by causing the minor children to be physically examined, including without their parent(s)' presence.

68.   Defendant COUNTY is vicariously responsible for these Defendants' conduct under Government Code §815.2; and said conduct is not immunized, including by Government Code §820.21

69.   These Defendants intended to cause, or acted in reckless disregard of causing, physical and emotional distress when they engaged in such conduct, which they knew not to be true and proper.

70.   As a legal result of Defendants' tortious conduct, Plaintiffs, and each of them, suffered physical and emotional distress, including, but not limited to, fright, nervousness,

anxiety, worry, mortification, shock, humiliation and indignity to an extent and in an amount subject to proof at trial.

71.     All individual Defendants, and Does 1 through 50, Inclusive, knowingly and willfully acted with malice and oppression and with the intent to harm Plaintiffs in a despicable manner and their conduct shocks the conscience. Therefore, Plaintiffs are entitled to an award of punitive damages for the purpose of punishing these individual Defendants and to deter them and others from such conduction in the future.

### SEVENTH CAUSE OF ACTION VIOLATION OF STATE CIVIL RIGHTS (UNDER CALIFORNIA CIVIL CODE § 43) AGAINST ALL DEFENDANTS - By All Plaintiffs

72.     Plaintiffs reallege, adopt and incorporate as if set forth at length, and to the extent applicable, paragraphs 1 through 71 herein.

73.     All Defendants, and Does 1 through 50, Inclusive, are individuals who were acting under color of law in conducting an investigation and proceedings pursuant to California and federal law, including as to proceedings described in California Government Code § 820.21(a), and, including, but not limited to, the required compliance to California Welfare and Institutions Code Sections:

-290.1 (regarding the requirements when taking a child into custody and immediately filing a petition including as to the requirements in *Mabe v. San Bernardino County, Dept. Of Pub. Servs.* (9th Cir. 2001) 237 F.3d 1101, 1107);

-300 (including regarding the disruption of or intrusion into family life);

-305 (regarding conditions allowing temporary custody without warrant);

-306 (including regarding the conditions in which to take, and maintain, custody of a minor without a warrant to remove);

-307 (including regarding required notice to parents and giving preference to alternatives which least interfere with parents custody of the minor);

-307.4 and 308 (regarding providing immediate notice to parents and other certain rights);

-309 (including regarding the conditions required to investigate the facts and

FIRST AMENDED COMPLAINT FOR DAMAGES

12CV1665W (BGS)

circumstances of a minor taken into custody and when to release said minor to the custody of his parent or guardian, or to temporarily place the minors);

-311 (regarding the requirements of filing a petition pursuant to the requirements of section 332);

-319 (including regarding the requirements of filing a court report regarding why a minor has been removed and the need for continued detention);

-324.5 (regarding medical procedures of a child in protective custody), and including as required in *Wallis v. Spencer* (9th Cir. 2000) 202 F.3d 1126; and

-332 (regarding the filing and contents of a petition).

74.    To the extent not separately responsible, Defendant COUNTY is vicariously responsible for these Defendants' conduct under Government Code §815.2; and said conduct is not immunized, including by Government Code §820.21.

75.    As a result of the conduct of said Defendants, and each of them, as adopted and incorporated by paragraphs previously set forth herein, Defendants and each of them, violated Plaintiffs' personal and civil rights, including the right of protection from unwarranted and unlawful seizure, bodily restraint or harm, from personal and physical insult and violation, from defamation and from injury to personal relation, as set forth in California Civil Code §43, including by, but not limited to, by interfering, by threats, intimidation, or coercion, or attempts thereto, in the exercise and enjoyment of Plaintiffs' rights secured by the United States Constitution, other Federal laws, and the Constitution and laws of the State of California (conduct not immunized by California's Government Code § 820.21 and federal law), under color of law and  by the use of fabrication of evidence, failure to disclose exculpatory evidence, and by obtaining and/or attempting to obtain, evidence and testimony by duress, fraud and undue influence.  (Pursuant to *Venegas v. County of Los Angeles*  (2004) 32 Cal. 4th 820, Plaintiffs are not required to make a showing of discriminatory intent or show that they are members of a protected classification to exercise these rights.)

76.    The acts of Defendants that are previously alleged in this Complaint, and

incorporated by the references herein to the extent applicable, interfered, or attempted to interfere, with the exercise of Plaintiffs' personal and civil rights under the laws and Constitution of the State of California, including the Plaintiffs' right of privacy and those rights under Civil Code § 43, as well as the laws and the Constitution of the United States, as stated herein.

77.    As a direct and proximate result of the aforementioned conduct of Defendants, and each of them, Plaintiffs have suffered and will continue to suffer damages, including but not limited to, great emotional and psychological distress, humiliation and mental anguish, the nature and amount of which will be shown according to proof at trial.

78.    These violations of the Plaintiffs' personal and civil rights by Defendants, and Does 1 through 50, Inclusive, and each of them, are protected and guaranteed by California Civil Code § 52.1 entitling Plaintiffs to damages and relief, including damages under California Civil Code § 52, other equitable relief, punitive damages, injunctive relief, statutory civil penalty (including $25,000.00 as to each individual Defendant) and attorneys' fees (pursuant to CC § 52.1(h)), all of which are requested herein.

79.    In doing the acts alleged in this Complaint, Defendants, and each of them, knew or should have known, that their actions were likely to , or would injure and damage Plaintiffs, and Plaintiffs are informed and believe, and thereon allege, that the individual Defendants, and each of them, intended to cause injury and damage to Plaintiffs, and/or acted with a willful and conscious disregard of Plaintiffs' rights, thus entitling Plaintiffs to recover punitive damages as against said individual Defendants.

**EIGHTH CAUSE OF ACTION VIOLATION OF STATE CIVIL RIGHTS §52.1 AGAINST ALL DEFENDANTS - By All Plaintiffs**

80.    Plaintiffs reallege, adopt and incorporate as if set forth at length, and to the extent applicable, paragraphs 1 through 79 herein.

81.    All Individual Defendants, and Does 1 through 50, Inclusive, are individuals who were acting under color of law in conducting an investigation and proceedings pursuant to California law, including as to proceedings described in Government Code § 820.21(a).

82.     To the extent not separately responsible, Defendant COUNTY is vicariously responsible for these Defendants' conduct under Government Code § 815.2; and said conduct is not immunized, including by Government Code §820.21.

83.     As a result of the conduct of said Defendants, and Does 1 through 50, Inclusive, as adopted and incorporated by paragraphs previously set forth herein, Defendants and each of them, have violated Plaintiffs' rights by interfering with Plaintiffs' rights by threats, intimidation, or coercion, or attempts thereto, including to force Plaintiffs to conform to their demands, and in retaliation of Plaintiffs' exercise of their rights, causing the violation and interference with the exercise or enjoyment of Plaintiffs' rights secured by the laws and Constitution of the United States, and the Constitution and laws of the State of California, including by using fabricated evidence, failure to disclose exculpatory evidence, and by obtaining and/or attempting to obtain, evidence and testimony by duress, fraud and undue influence, in juvenile dependency investigations and proceedings.

84.     As a direct and proximate result of the aforementioned conduct of Defendants, and each of them, Plaintiffs have suffered and will continue to suffer damages, including great emotional and psychological distress, humiliation and mental anguish, the nature and amount of which will be shown according to proof at trial.

85.     These violations of the Plaintiffs' rights by Defendants, and Does 1 through 50, Inclusive, and each of them, are guaranteed and protected by Civil Code §52.1 entitling Plaintiffs to damages and relief, including compensatory and punitive damages, other equitable relief, injunctive relief, statutory civil penalty (including $25,000.00 as to each individual Defendant) and attorneys' fees, all of which are requested herein.

86.     In doing the acts alleged in this Complaint, Defendants, and each of them, knew or should have known, that their actions were likely, or would, to injure and damage Plaintiffs, and Plaintiffs are informed and believe, and thereon allege, that the individual Defendants, and each of them, intended to cause injury and damage to Plaintiffs, and/or acted with a willful and conscious disregard of Plaintiffs' rights, thus entitling Plaintiffs to recover punitive damages as against said individual Defendants.

FIRST AMENDED COMPLAINT FOR DAMAGES

12CV1665W (BGS)

**PRAYER**

WHEREFORE, Plaintiffs request trial by jury and pray judgment against the Defendants as follows:

First Cause of Action ASSAULT AND BATTERY - By minor Plaintiffs R.S. and D.S. Against ALL Defendants, and Does 1 through 50, Inclusive

1.   General damages in an amount to be determined by proof at trial.

2.   Medical and related expenses in an amount to be determined by proof at trial.

3.   Punitive damages as against the individual Defendants.

4.   Costs of this action.

5.   Interest according to law.

6.   Any other and further relief that the Court considers proper.

Second Cause of Action BATTERY - By minor Plaintiffs R.S. and D.S. Against ALL Defendants, and Does 1 through 50, Inclusive

1.   General damages in an amount to be determined by proof at trial.

2.   Medical and related expenses in an amount to be determined by proof at trial.

3.   Punitive damages as against individual Defendants only.

4.   Costs of this action.

5.   Interest according to law.

6.   Any other and further relief that the Court considers proper.

Third Cause of Action FALSE IMPRISONMENT - By minor  Plaintiffs R.S. and D.S. Against ALL Defendants, and Does 1 through 50, Inclusive

1.   General damages in an amount to be determined by proof at trial.

2.   Medical and related expenses in an amount to be determined by proof at trial.

3.   Punitive damages as against individual Defendants only.

4.   Costs of this action.

FIRST AMENDED COMPLAINT FOR DAMAGES

12CV1665W (BGS)

5.    Interest according to law.

6.    Any other and further relief that the Court considers proper.

Fourth Cause of Action VIOLATION OF CIVIL RIGHTS UNDER

42 U.S.C. §1983  - By Plaintiffs Against All  Individual Defendants, and Does 1 through 50, Inclusive

1.    General damages in an amount to be determined by proof at trial.

2.    Medical and related expenses in an amount to be determined by proof at trial.

3.    Punitive damages as against individual Defendants only.

4.    Attorney fees, costs and expenses as authorized by 42 U.S.C. § 1988 according to proof.

5.    Interest according to law.

6.    Costs of this action.

7.    Any other and further relief that the Court considers proper.

Fifth  Cause of Action - MONELL RELATED CLAIMS

By Plaintiffs Against the COUNTY , POLINSKY and H.H.S.A..

1.    General damages in an amount to be determined by proof at trial.

2.    Medical and related expenses in an amount to be determined by proof at trial.

3.    Attorney fees, costs and expenses as authorized by 42 U.S.C. § 1988 according to proof.

4.    Interest according to law.

5.    Costs of this action.

6.    Any injunctive and other and further relief that the Court considers proper.

Sixth Cause of Action - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS - By Plaintiffs Against All Defendants

1.    General damages in an amount to be determined by proof at trial.

2.    Medical and related expenses in an amount to be determined by proof at trial.

FIRST AMENDED COMPLAINT FOR DAMAGES

12CV1665W (BGS)

3.   Punitive damages as against individual Defendants only.

4.   Costs of this action.

5.   Interest according to law.

6.   Any other and further relief that the Court considers proper.

Seventh Cause of Action VIOLATION OF STATE CIVIL RIGHTS

(UNDER CALIFORNIA CIVIL CODE § 43) AGAINST ALL DEFENDANTS

By All Plaintiffs

1.   General damages in an amount to be determined by proof at trial.

2.   Medical and related expenses in an amount to be determined by proof at trial.

3.   Punitive damages as against individual Defendants only.

4.   Attorney fees, costs, penalties and expenses as authorized by law according to proof.

5.   Interest according to law.

6.   Costs of their action.

7.   Any other and further relief that the Court considers proper.

Eighth  Cause of Action VIOLATION OF STATE CIVIL RIGHTS §52.1

AGAINST ALL DEFENDANTS - By All Plaintiffs

1.   General damages in an amount to be determined by proof at trial.

2.   Medical and related expenses in an amount to be determined by proof at trial.

3.   Punitive damages as against individual Defendants only.

///

///

///

///

///

FIRST AMENDED COMPLAINT FOR DAMAGES

12CV1665W (BGS)

1        4.    Attorney fees, costs, penalties and expenses as authorized by law according

2            to proof.

3        5.    Interest according to law.

4        6.    Costs of this action.

5        7.    Any injunctive and other and further relief that the Court considers proper.

6    DATED: January 15, 2013        LAW OFFICE OF DONNIE R. COX

7

8                    */s/ Donnie R. Cox*

9                    DONNIE R. COX, Attorney for Plaintiffs
     JOANNA and STEVEN SWARTWOOD; R.S. and
     D.S. minors by and through their Guardian Ad

10                   Litem, Judy Swartwood.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FIRST AMENDED COMPLAINT FOR DAMAGES

              12CV1665W (BGS)