1  Donnie R. Cox, Esq.  SBN: 137950
   402 N. Nevada Street
2  Oceanside, CA 92054
   (760) 400-0263
3  drc@drcoxlaw.com
4
   Paul W. Leehey, Esq. SBN: 92009
5  210 E. Fig St., Suite 101
   Fallbrook, CA  92028
6  (760) 723-0711
   law@leehey.com
7
   Spencer S. Busby, Esq., SBN: 114393
8  Spencer S. Busby, APC
   1434 Fifth Avenue
9  San Diego, CA 92101
   (619) 230-1434
10 spencerbusby@hotmail.com
11
12 ATTORNEYS FOR PLAINTIFFS
13

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN SWARTWOOD; JOANNA SWARTWOOD; R.S., a minor and D.S., a minor, by and through their Guardian Ad Litem, Judy Swartwood<br><br>Plaintiffs<br><br>v.<br><br>COUNTY OF SAN DIEGO; SAN DIEGO HEALTH AND HUMAN SERVICES AGENCY; POLINSKY CHILDRENS CENTER; MAYA BRYSON; WENDY CURIEL; KELLY ROLLINS; SUSAN SOLIS; AND DOES 1 TO 50, Inclusive<br><br>Defendants. | CASE NO: 12CV1665W(BGS)<br><br>PETITION FOR APPROVAL OF MINORS' INTEREST IN SETTLEMENT OF ACTION |

     COMES NOW the Petitioner JUDY SWARTWOOD as Guardian Ad litem on

behalf of Minors R.S. and D.S. (hereinafter "Petitioner") and submits this Petition for Approval of the Minors' portion of the complete and total settlement of claims in the above entitled matter after approval of said settlement by the San Diego County Board of Supervisors on January 27, 2015, in accordance with the settlement arrived at Mediation and set forth in the executed Settlement Agreement and Mutual Release with County (submitted herewith as Exhibit "1"); and respectfully alleges as follows:

**General Information**

1. Name of Minor: R.S., Age: 5, Year of Birth: 2010
   Name of Minor: D.S., Age: 7, Year of Birth: 2008

2. Residence of Minor : Said minors reside with their father and mother, STEVEN AND JOANNA SWARTWOOD (hereinafter "PARENTS") at their home in San Diego, California.

3. Status and residence of Petitioner JUDY SWARTWOOD: Said Petitioner is the grandmother and has an established relationship with the minor children R.S. and D.S. and is the Court Appointed Guardian Ad litem on behalf of both minors in this action who resides in San Diego, California.

**Place of the incident: San Diego County, California**

4. Date of incident: May 17, 2011 to May 19, 2011

5. This Petition was prepared by the Law Office of Donnie R. Cox, the Law Office of Paul W. Leehey, and the Law Office of Spencer S. Busby, representing minor Plaintiffs R.S. and D.S. and has been approved and executed by said minors' Guardian ad Litem JUDY SWARTWOOD. Said counsel hereby represents to the Court that he and associate Plaintiffs' counsel did not become concerned with this matter at the instance of any party against whom the claim of said minor was asserted and that they have not received, and do not expect to receive, any compensation for their services in connection herewith from

any person other than the parties whom they represent as herein stated.

**Overview of case**

6.     PARENTS, Steven and Joanna, and the subject Minors, submitted a government claim to County and thereafter filed the subject action on July 3, 2012 alleging a Complaint for Damages for Violation of Civil Rights 42 U.S.C. §1983 under First, Fourth, and Fourteenth Amendments; *Monell* related claims under 42 U.S.C. §1983; and for Assault; Battery; False imprisonment; Intentional Infliction of Emotional Distress and Violation of State Civil Rights, *(*under 28 U.S.C. §1367(a)supplemental jurisdiction).

7.     Plaintiffs' Complaint included numerous state and federal causes of action, including those under 42 U.S.C. §1983, for violations of Plaintiffs' civil rights under the First, Fourth, and Fourteenth Amendments of the U.S. Constitution and their rights of privacy under the California State Constitution, as well as for *Monell* policy violations and injunctive relief (identifying the applicable case law as *Mabe v. County of San Bernardino* (9th Cir. 2001) 237 F.3d 1101; *Wallis v. Spencer,* 202 F.3d 1126 (9th Cir. 2000); *Rogers v County of San Joaquin,* 487 F.3d 1288 (9th Cir. 2009); and *Beltran v. Santa Clara County* 514 F.3d 946 (9th Cir. 2008).

8.     In their Complaint, Plaintiffs all allege as a basis of all causes of action that no reasonable belief existed that the two children were in imminent danger of serious bodily injury at the time of the warrantless removal of the two minors, that the continued detention of the children was unconstitutional; that the Defendants performed medical examinations and testing on both minors without notifying their parents and/or giving them the opportunity to be present in violation of their Constitutional rights; and that the policies, practices, and procedures of Defendants COUNTY OF SAN DIEGO violated the childrens' Constitutional rights under the Fourth Amendment to the United States Constitution; and all parties' rights under the Fourteenth Amendment to the United States

Constitution were violated.

9. In Answer to Plaintiffs' Complaint all Defendants denied liability and made claims of absolute and qualified immunity.

10. At the outset of these proceedings, Defendants disputed liability in this action by asserting that *Wallis, Mabe, Rogers* and *Beltran* (*supra*) did not apply, and that Defendants were entitled to either absolute or qualified immunity or did nothing which violated Plaintiffs' rights, and that Plaintiffs' action would be entirely disposed of in Defendants' favor through the filing of motions for Summary Judgment.

11. As a result of Defendants' denial of liability and claims of immunity, Plaintiffs' counsel diligently pursued discovery and preparation for motions and trial in this action, including by:

- Obtaining the required Order to obtain and use the confidential Juvenile Case file through Welfare and Institution Code Section 827.

-Promulgating written discovery to all Defendants, including: 6 sets of special interrogatories; 8 sets of Requests for Admissions; and 4 sets of Request for Production. In addition Plaintiffs propounded 6 subpoenas for records to non parties, and other discovery in support of the Plaintiffs allegations that their rights had been violated by individual Defendants and that the policy and practices of the County of San Diego were a concurrent cause of those violations.[1]

-Preparing for, scheduling and taking sixteen (16) depositions, including Defendants, County employees, Persons Most Knowledgeable, Physicians, other witnesses and Defendants experts; and defending the depositions of the adult Plaintiffs (2) and Plaintiffs medical expert.

---

[1] In the course of Discovery the Counsel was also required to file numerous requests for assistance with the Magistrate to enforce discovery requests, including a motion to compel. There were also numerous disputes related to Expert designations that required Court intervention.

     -Preparing and filing two (2) Motions for Summary Judgement or in the alternative Motion for Summary Adjudication on behalf of All Plaintiffs.(one as against the County, and the other as to the individual Defendants) and two (2) Reply's to the Defendants Opposition to those motions.

     -Preparing and filing Opposition to the Defendants Motion For Summary Judgment or in the alterative Motion for Summary Adjudication on behalf of the Defendants.

-Preparing and filing Opposition to the Defendants Motion For Summary Judgement or in the alterative Motion for Summary Adjudication on behalf of the Defendants.

12.    On September 30, 2014, the Honorable Thomas J. Whelan, United States District Court Judge, entered his ruling on Plaintiffs and Defendants respective Motions for Partial Summary Judgment in this matter.[2]  In that ruling, the Court denied Defendant's initial social worker's Bryson and Curiel's claim of qualified immunity and granted Plaintiff's partial summary judgment by determining that the removal of the Swartwood children constituted an unwarranted interference with the children's First, Fourth, and the family's Fourteenth Amendment  Amendment rights.

13.    Further the Court found that the policies and practices of the County regarding physical examinations of children were unconstitutional and therefore a violation of the Plaintiffs' rights.

14.    On December 18, 2014, the parties mediated this matter before the Hon. Irma E. Gonzalez (Ret.) and after a full day of mediation the parties agreed to settle the matter upon the condition that the County Board of Supervisors  approve the settlement (which approval was received on January 27, 2015) and subject to this Court's approval of the

---

[2] See Doc 76 – Order Granting In Part And Denying In Part Defendants' Motion For Partial Summary Judgment; Granting In Part And Denying In Part Plaintiffs' Motion For Partial Summary Judgment   Against Individual Defendants; And Granting Plaintiffs' Motion For Partial Summary Judgment Against The County Defendants.

minors' interest in said settlement; plus other terms (see below).

**TERMS OF SETTLEMENT**

15. **TERMS OF MONETARY SETTLEMENT AND PROPOSED DIVISION**:

Total monetary settlement:     $1,100,000.00

As to Minors: $150,000.00 payable to BHG Structured Settlements, Inc. to fund period payments outlined below:

    D.S.:     $81,084.21  (contribution for a single premium annuity with a lifetime payout totaling $124,492.31 (See Exhibit "2".)

    R.S.:     $68,915.79 (contribution for a single premium annuity with a lifetime payout totaling $115,000.00 (See Exhibit "3".)

As to Parents STEVEN SWARTWOOD and JOANNA SWARTWOOD: $950,000.00  (inclusive of attorney fees and costs)
Attorneys Fees:     $550,000.00 and $ 54,432.00 in costs

16. In addition, and most importantly, the Defendant COUNTY OF SAN DIEGO, as part of the settlement, agreed to stipulate that Final Judgment be entered as to Section "D" of this Court's September 29, 2014 ruling(Doc. 76)  and that County would change or modify its polices and practices with regard to the physical examinations, including as follows:

(1) Changing its written policies and practices for conducting medical examination and testing of children;

(2) Modifying its consent forms, including to provide notification to parents and guardians of their right to be present at the exams;

(3) Modifying the Polinksy Childrens Center's facilities and procedures to allow for parental presence at examinations upon request;  and

(4) Modifying the Agency's requests to the Juvenile Court for child-specific

orders authorizing exams and treatment of children, if parents refuse to consent to the examinations.

**Minors' claims**

17.     Counsel for the Plaintiffs has reviewed all medical and psychological records available, spoken with STEVEN, JOANNA, and the Petitioner, and based on these actions we are informed and believe that minors R.S. and D.S. suffered no physical injury and no lasting emotional injury as a result of the involvement of the County of San Diego Health and Human Services Agency and its employees and agents, when they were removed and detained by the COUNTY.  D.S. was 3 years old and has he shown no lasting side effects of the removal and detention.  R.S. was 1 year old and she has shown no lasting side effects of the removal and detention.  Neither of the children required or received any medical or psychological treatment for any disorder related to their removal and detention in this case.

18.     Petitioner is informed and believes that said minors have sufficiently recovered from the effect of said events, have no residual effects from those events, and that resolution of their claims are appropriate.

**STEVEN AND JOANNA'S Claims:**

19.     There is no doubt that STEVEN and JOANNA suffered the greatest damage in this case. It is difficult to quantify what it is worth to lose custody of your children based on false allegations of abuse or neglect. D.S and R.S were forcibly taken from their parents on May 17, 2011, and at that point, it was not clear if or when they would be returned. The County threatened that it could be months, if not years before they might be reunited with their children.

20.     During the period while their children were gone, Joanna and Steven's life stopped. They could not sleep, eat, or stop thinking about what they could do to get their children back.  It was a nightmare. They felt helpless, and they were in fact

helpless to do anything to help or comfort their young children.

21. Further, due to the unjustified conduct by County and its social workers, the parents were and remain fearful of authorities taking their children, especially since they were removed after the parents provided the authorities with all appropriate information related to the injuries to R.S., including that the injuries occurred in daycare by reporting that their child was injured at daycare.

**Attorney Fees**

22. Donnie Cox and Paul Leehey, are two of only approximately ten attorneys in California primarily representing plaintiffs in this area of the law. Their offices have associated together and have represented plaintiffs in more than 40 civil rights matters since 1991 concerning the unlawful removal, detention, and physical examination of children in W&I §300 dependency proceedings.[3] Their offices are currently involved in 17 active CPS civil rights cases as attorney of record. They have participated in nearly every important case that has been in this area of the law for more than twenty years. In addition, they have consulted on and participated in numerous cases throughout the United States, including cases that have been heard by the U.S. Supreme Court.

23. As the Declaration of Donnie R. Cox demonstrates, they are among the few attorneys to practice in this field, have vast and almost exclusive expertise in this area of the law; and because of the nature of these cases, can only handle a few matters at a time. The law in this ever changing area and therefore highly volatile. Counsels' fee structure was made clear to ALL clients before Counsel agreed to accept

---

[3] *Wallis supra*, the seminal case in this area, took more than nine years to litigate to final judgment, requiring two appeals to the Ninth Circuit. Thereafter, in 2000 this area of the law became our primary focus.

Petition for Approval of Minors' Interest In Settlement of Action     8     12CV1665W (BGS)

1  representation. It was because of Counsel's litigation experience in such matters that
2  the Plaintiffs retained their offices.
3  24.    The Guardian ad Litem and the SWARTWOOD Parents believe that the
4  attorney fees requested are reasonable under the circumstances and request that the
5  Court approve the amount in addition to the sums requested for dispersal to each child.

**Request to Approve Minors' Portion of Settlement**

25.    On approval of this Minors' Compromise, minor Plaintiff D.S. will receive payments at ages 18, 19, 20, 21, and 25, and minor Plaintiff R.S. will receive payments at ages 18, 19, 20, 21, and 25.  It is Petitioner's belief that the division of the monetary settlement as set forth in this declaration and the attorney fees is fair and equitable to the minors, and based thereon requests this Court to approve their Guardian ad Litem's Petition and to enter its Order in accordance with the proposed order submitted therewith.

26.    WHEREFORE, Petitioner prays, as Guardian ad Litem on behalf of the Minors D.S., and R.S. that the Court approve the parties' MUTUAL SETTLEMENT AGREEMENT AND RELEASE (See Exhibit "1" Hereto) and ORDER as set forth:

   (a)   EIGHTY ONE THOUSAND EIGHTY FOUR AND 21/100 DOLLARS ($81,084.21) to be used to purchase an annuity from BHG Structured Settlements, Inc. to be disbursed in the following manner for the benefit of D.S at age 18 to receive an annual income for four years of $18,000.00 (total $72,000.00) , a lump sum payable at 18 in the amount of $17,492.31 and the final lump sum of $35,000.00 at age 25, totaling $124,492.31.

   (b)   SIXTY EIGHT THOUSAND NINE HUNDRED FIFTEEN AND 79/100 DOLLARS ($68,915.79) to be used to purchase an annuity from BHG Structured Settlements, Inc. to be disbursed in the following manner for the

---

Petition for Approval of Minors' Interest
In Settlement of Action                           9                          12CV1665W (BGS)

benefit of R.S.- at age 18 to receive an annual income for four years of $19,500.00 (total $78,000.00) and a lump sum of $37,000.00 at age 25, totaling $115,000.00.

(c) That said accounts shall not to be withdrawn from until disbursed in accordance to the payment schedule set forth in Exhibits "2" and "3" attached to the Proposed Order submitted herewith, and are not to be used for minors' necessities of life while they are minors, unless otherwise ordered by the Court;

(d) That this Court approve JOANNA SWARTWOOD, mother as trustee for the annuities of D.S and R.S.; and

(e) That no bond be required in serving as trustee of such funds.

I declare under the penalty of perjury under the laws of the State of California that foregoing is true and correct.

Dated: February 13, 2015

*Judy Swartwood*
JUDY SWARTWOOD
Guardian ad litem for R.S. and D.S., minor Plaintiffs

RESPECTFULLY SUBMITTED,

Dated: February 13, 2015

**LAW OFFICE OF DONNIE R. COX**

/s/ Donnie R. Cox

DONNIE R. COX, Attorney for Plaintiffs STEVEN SWARTWOOD; JOANNA SWARTWOOD; R.S., a minor; and D.S., a minor, by and through their Guardian *Ad Litem*, Judy Swartwood